# EXHIBIT A

# CORPORATE CHARTER APPROVAL SHEET
## **EXPEDITED SERVICE**          ** KEEP WITH DOCUMENT **

DOCUMENT CODE _____   BUSINESS CODE _____

\# _____

Close _____   Stock _____   Nonstock _____

P.A. _____   Religious _____

Merging (Transferor) _____

_____

_____

_____

Surviving (Transferee) _____

_____

_____

_____

**1000361995011065**

ID # D12019097 ACK # 1000361995011065
LIBER: B01136 FOLIO: 1308 PAGES: 0005
HEADBANGERS, INC.

07/05/2007  AT 11:34 A WO # 0001435130

New Name _____

_____

_____

_____

### FEES REMITTED

| | |
|---|---|
| Base Fee: | |
| Org. & Cap. Fee: | |
| Expedite Fee: | |
| Penalty: | |
| State Recordation Tax: | |
| State Transfer Tax: | |
| Certified Copies | |
| Copy Fee: | |
| Certificates | |
| Certificate of Status Fee: | |
| Personal Property Filings: | |
| Mail Processing Fee: | |
| Other: | |

TOTAL FEES: _____

Credit Card _____   Check _____   Cash _____

_____ Documents on _____ Checks

Approved By: _____

Keyed By: _____

COMMENT(S):

_____ Change of Name
_____ Change of Principal Office
_____ Change of Resident Agent
_____ Change of Resident Agent Address
_____ Resignation of Resident Agent
_____ Designation of Resident Agent
         and Resident Agent's Address
_____ Change of Business Code

_____ Adoption of Assumed Name
         _____
         _____
_____ Other Change(s)
         _____
         _____

Code _____

Attention: _____

Mail Name and Address
COMPU-PERFECT PROFESSIONAL SERVICES
1501 RUATAN ST.
ADELPHI                      MD 20783

Stamp Work Order and Customer Number HERE
CUST ID:0001992092
WORK ORDER:0001435130
DATE:07-12-2007 09:43 AM
AMT. PAID:$170.00

## ARTICLES OF INCORPORATION

## OF

## HEADBANGERS, INC.

RECEIVED
DEPARTMENT OF
ASSESSMENTS & TAXATION

2008 JUL -5  A II: 34

**FIRST**: The undersigned Barry Hunter (13405 Reid Circle, Fort Washington, MD 20744) and Cologne Hunter (13405 Reid Circle, Fort Washington, MD 20744) being at least eighteen (18) years of age, do hereby form a corporation under and by virtue of the General Corporation Laws of the State of Maryland.

**SECOND**: The name of the Corporation (which is hereinafter called Corporation) is:

## HEADBANGERS, INC.

**THIRD**: The purposes for which the Corporation is formed shall include the following:

(1)   To provide boxing promotional and management services;

(2)   To provide boxing training services;

(3)   To develop a clothing line;

(4)   To borrow or raise money for any of the purposes of the Corporation, and from time to time without limit as to amount, to draw, make, accept, endorse, execute and issue promissory notes, drafts, dentures and other negotiable or non-negotiable instruments and evidences of indebtedness;

(5)   To elect or appoint officers and agents of the Corporation, and define their duties and fix their compensation;

(6)   To amend, alter, change, or appeal any provision contained in these Articles of Incorporation in the manner now or hereafter prescribed by law, and all rights conferred on officers, directors, and stockholders herein are granted subject to this reservation.

(7)   To make and alter Bylaws, not inconsistent with its Articles of Incorporation or with the laws of the State, or federal laws for the administration and regulation of the affairs of the Corporation;

(8)   To indemnify any director or officer, or former director or officer of the Corporation, against any expenses actually and necessarily incurred by him in which he is made a party by reason of being or having been such director or officer, except in relation to a proceeding for negligence or misconduct in the performance of a duty;

(9)   To have and exercise all powers necessary or convenient to effect any of the purposes for which the Corporation is organized; and

(10)  To carry out the foregoing purposes in conjunction with any persons, firm, association or corporation, and to make and perform any lawful contract of any kind or description for the accomplishment and furtherance of its purposes.

(11)  To do anything permitted by Subtitle 2 of Article 5 of the Maryland Code, as amended from time to time.

(12)  The foregoing purposes and activities be interpreted as examples only and not as limitations, and nothing therein shall be deemed as prohibiting the corporation from extending its activities to any related or otherwise permissible lawful business purpose which may become profitable or desirable for the furtherance of the corporate objectives expressed above.

**FOURTH**:  The address of the principal office of the Corporation in the State of Maryland will be maintained at 13405 Reid Circle, Fort Washington, MD 20744. The resident agent of the Corporation is

2

Barry Hunter, who resides at 13405 Reid Circle, Fort Washington, MD 20744. Said resident agent is a citizen and resident of the State of Maryland.

**FIFTH:** The total number of shares of stock, which the Corporation has authority to issue is 50,000 shares of stock. There shall be one class of stock (common stock) with a par value of ($1.00) and having an aggregate par value of ($50,000).

**SIXTH:** The number of directors of the Corporation shall be two (2), which number may be increased or decreased pursuant to the bylaws of the Corporation, and the names of the directors who shall act until the first meeting or until his successor is duly chosen and qualified are Barry Hunter and Cologne Hunter.

**SEVENTH:** As used in this SEVENTH ARTICLE, any word or words that are defined in Section 2-418 of the Corporations and Associations Article of the Annotated Code of Maryland (the "Indemnification Section"), as amended from time to time, shall have the same meaning as provided in the Indemnification Section.

The Corporation shall indemnify a present or former director or officer of the Corporation in connection with a proceeding to the fullest extent permitted by and in accordance with the Indemnification Section.

With respect to any corporate representative other than a present or former director or officer, the Corporation may indemnify such corporate representative in connection with a proceeding to the fullest extent permitted by and in accordance with the Indemnification Section; provided, however, that to the extent a corporate representative other than a present or former director or officer successfully defends on the merits or otherwise any proceeding referred to in subsections (b) or (c) of the Indemnification Section or any claim, issue, or matter raised in such proceedings, the Corporation shall not indemnify such corporate representative other than a present or former director or officer under the Indemnification Section, unless and until it shall have been determined and authorized in the specific case by an affirmative vote at a duly constituted meeting of a majority

3

of the Board of Directors who were not parties to the proceeding, that indemnification of such corporate representative other than a present or former director or officer is proper in the circumstances.

**EIGHTH:**    The Corporation reserves the right to make from time to time any amendments of its charter, which may now, or hereafter be authorized by law.

**NINTH:**    The period of its duration is perpetual.

IN WITNESS WHEREOF, we have signed these Articles of Incorporation this _29_ day of _June_____, 2007, and acknowledge the same to be our act.

_____
Barry Hunter, INCORPORATOR

_____
Cologne Hunter, INCORPORATOR

CUST ID:0001992092
WORK ORDER:0001435130
DATE:07-12-2007 09:43 AM
AMT. PAID:$170.00

4

# EXHIBIT B

# STATE OF MARYLAND
## Department of Assessments and Taxation

I, MICHAEL L. HIGGS OF THE STATE DEPARTMENT OF ASSESSMENTS AND TAXATION OF THE STATE OF MARYLAND, DO HEREBY CERTIFY THAT THE DEPARTMENT, BY LAWS OF THE STATE, IS THE CUSTODIAN OF THE RECORDS OF THIS STATE RELATING TO THE FORFEITURE OR SUSPENSION OF CORPORATIONS, OR THE RIGHTS OF CORPORATIONS TO TRANSACT BUSINESS IN THIS STATE, AND THAT I AM THE PROPER OFFICER TO EXECUTE THIS CERTIFICATE.

I FURTHER CERTIFY THAT HEADBANGERS, INC. (D12019097), INCORPORATED JULY 05, 2007, IS A CORPORATION DULY INCORPORATED AND EXISTING UNDER AND BY VIRTUE OF THE LAWS OF MARYLAND AND THE CORPORATION HAS FILED ALL ANNUAL REPORTS REQUIRED, HAS NO OUTSTANDING LATE FILING PENALTIES ON THOSE REPORTS, AND HAS A RESIDENT AGENT. THEREFORE, THE CORPORATION IS AT THE TIME OF THIS CERTIFICATE IN GOOD STANDING WITH THIS DEPARTMENT AND DULY AUTHORIZED TO EXERCISE ALL THE POWERS RECITED IN ITS CHARTER OR CERTIFICATE OF INCORPORATION, AND TO TRANSACT BUSINESS IN MARYLAND.

IN WITNESS WHEREOF, I HAVE HEREUNTO SUBSCRIBED MY SIGNATURE AND AFFIXED THE SEAL OF THE STATE DEPARTMENT OF ASSESSMENTS AND TAXATION OF MARYLAND AT BALTIMORE ON THIS JUNE 14, 2017.

Michael L. Higgs
Director



*301 West Preston Street, Baltimore, Maryland 21201*
*Telephone Balto. Metro (410) 767-1344 / Outside Balto. Metro (888) 246-5941*
*MRS (Maryland Relay Service) (800) 735-2258 TT/Voice*
*Fax (410) 333-7097*

0010631234

CRTGST

# EXHIBIT C

# COMMONWEALTH of VIRGINIA
## Department of Professional and Occupational Regulation

Terence R. McAuliffe
Governor

Maurice Jones
Secretary of
Commerce and Trade

## Qualified Vendor Services Contract
### Contract # 222-2013-511-1

This contract entered into this **10th** day of **June, 2014**, by **Richard B. Ashby** herein called the "Contractor", and the Commonwealth of Virginia, Department of Professional and Occupational Regulation, hereinafter called the "Department."

WITNESSETH that the Contractor and the Department, in consideration of the mutual covenants, consideration, and agreements herein contained and/or attached, agree as follows:

SCOPE OF CONTRACT.  The Contractor shall provide the goods/services to the Department as set forth in the Contract Documents, which consist of:

1. This signed form;

2. The signed Qualified Vendor Services (QVS) document dated January 15, 2014; and

3. Completed Event Official Form.

PERIOD OF PERFORMANCE.  From June 5, 2014 through May 31, 2017 (renewable annually with training recertification.)

TAXES.  The Contractor will perform as an independent contractor, is self-employed, therefore is responsible for any and all taxes and will accrue NO benefits from the Commonwealth.

HOLD HARMLESS.  The Contractor agrees to indemnify, defend and hold harmless the Commonwealth of Virginia, its officers, the Department and employees from any claims, damages and actions of any kind or nature, whether at law or in equity arising from or caused by the Contractor's performance or nonperformance under this contract.

CANCELLATION OF CONTRACT.  The Department reserves the right to cancel and terminate this contract, in whole or in part, without penalty, upon ten (10) days written notice to the Contractor.

TRANSFER.  In the event the Virginia Professional Boxing, Wrestling, and Martial Arts Program becomes an independent government agency, the Contract will automatically transfer with the "Program".

RECEIVED
JUN 2 0 2014
ADMIN

IN WITNESS WHEREOF, the parties have caused this Contract to be duly executed intending to be bound thereby.

<table>
<tr><td style="text-align:center">CONTRACTOR<br>**NAME OF EVENT OFFICIAL**</td><td style="text-align:center">PURCHASING AGENCY<br>Department of Professional and Occupational<br>Regulation</td></tr>
</table>

By. _____

Title: Boxing & Wrestling Event Official

Date: 6/16/14

By: _____

Title: Procurement & Contract Officer

Date: 6·23·14

**RECEIVED**
**JUN 2 0 2014**
**ADMIN**



Commonwealth of Virginia
Department of Professional and Occupational Regulation
9960 Mayland Drive, Suite 400
Richmond, Virginia 23233-1485
(804) 367-0186
www.dpor.virginia.gov

Department of Professional and Occupational Regulation

**Professional Boxing, Wrestling and Martial Arts**
**EVENT OFFICIAL FORM**

Select the position(s) for which you are requesting approval:

| Boxing: | Martial Arts: | Wrestling: | All Event Types: |
|---|---|---|---|
| ☐ Event Inspector | ☐ Event Inspector | ☐ Event Inspector | ☑ Ringside Physician |
| ☐ Asst. Event Inspector | ☐ Asst. Event Inspector | ☐ Asst. Locker Room Inspector | |
| ☐ Locker Room Inspector | ☐ Locker Room Inspector | ☐ Locker Room Inspector | |
| ☐ Referee | ☐ Referee | | |
| ☐ Judge | ☐ Judge | | |
| ☐ Timekeeper | ☐ Timekeeper | | |

1. Name    *Ashby*          *Richard*        *Bruce*
   Last              First              Middle              Generation

2. Date of Birth    *03 - 22 - 1957*
   MM/DD/YY

3. Street Address (PO Box not accepted)    *410 CLAIRBORNE STREET*
   PHYSICAL ADDRESS REQUIRED

   *UPPER MARLBORO*        *MD*    *20774*
   City                        State      Zip Code

4. E-mail Address    *RASHBY4315@AOL.COM*

5. Contact Numbers    *202-213 0133*      *202-398-2100*        *202 503 1773*
   Primary Telephone        Alternative Telephone        Fax

6. Do you have a **current** or **expired** Virginia boxing, wrestling or martial arts license?
   No  ☐
   Yes ☑    If yes, provide your Virginia License number below:

   Virginia License Number  | 4 | 1 | 1 | 0 | 0 | 0 | 2 | 6 | 0 | 1 |    Expiration Date  *12-31-2013*

   Virginia License Number  | 4 | 1 |   |   |   |   |   |   |   |   |    Expiration Date  _____

   Virginia License Number  | 4 | 1 |   |   |   |   |   |   |   |   |    Expiration Date  _____

7. Do you have a **current** or **expired** boxing, wrestling or martial arts license, certification or registration issued by another jurisdiction?
   No  ☐
   Yes ☑    If yes, complete the following table and list all licenses, certifications, and registrations.

| State/Jurisdiction | License, Certification or Registration No. | Expiration Date |
|---|---|---|
| DISTRICT OF COLUMBIA | BP 100000986 | 03-31-2014 |
| | | |
| | | |

8. Has any (including Virginia) local, state or national regulatory body in any jurisdiction ever taken a disciplinary action against you in connection with participation in, or promotion of, professional athletic contests or activities?

No ☑

Yes ☐   If yes, provide a certified copy of the final order, decree or case decision by a court or regulatory agency with lawful authority to issue such order, decree or case decision.

9. Have you ever been convicted or found guilty of adjudication or deferred adjudication, of any felony, or other acts involving any professional sports?  Any guilty plea or plea of nolo contendere must be disclosed on this form.  Do not disclose violations that were adjudicated as a minor in the juvenile court system.

No ☑

Yes ☐   If yes, list the felony and/or misdemeanor conviction(s). Attach your original criminal history record; a certified copy of the final order, decree, or case decision by a court or regulatory agency with lawful authority to issue such order, decree, or case decision; and any other information you wish to have considered with this application (e.g., information on the status of incarceration, parole or probation; reference letters; documentation of rehabilitation, etc.).

Original criminal history records may be obtained by contacting the state police in the jurisdiction in which you were convicted. Virginia residents must complete a criminal history record request form and mail to the Department of State Police, Central Criminal Records Exchange, Post Office Box 27472, Midlothian, Virginia 23261-7472 or by contacting your local State Police Division.

10. Are you applying for a Virginia Boxing, Wrestling and Martial Arts Ringside Physician position?

No ☐

Yes ☑   If yes, you are required to submit 1) a copy of your license with the Virginia Board for Medicine as a physician for at least five years and 2) a current certification in cardiopulmonary resuscitation.

11. Are you applying for a position as a referee or judge?

No ☑

Yes ☐   If yes, you must sign the following certification.

I understand that I am not entitled to receive any compensation in connection with a boxing match until I provide the Department a statement of all consideration, including reimbursement for expenses that will be received from any source for participation in the match.

Signature _____   Date _____

12. I, the undersigned, certify that the foregoing statements and answers are true, and I have not suppressed any information that might affect the decision to approve this application. I certify that I will notify the Department if I am subject to any disciplinary action or convicted of any felony or misdemeanor (in any jurisdiction) prior to receiving approval. I certify that I have read, understood and complied with all the laws of Virginia under the provisions of Title 54.1, Chapter 8.1 of the *Code of Virginia* and the *Virginia Professional Boxing, Wrestling and Martial Arts Regulations.*

Signature _____   Date 1/15/14

**REVIEWED AND APPROVED:**

Program Manager's Signature _____   Date 6/5/14



**VIRGINIA Department of Health Professions**

Public Information System
([Download licensee information](#) | [DHP Home Page](#))
Last updated on 04/15/2014

License Information

| | |
|---|---|
| **License Number** | 0101038598 |
| **Occupation** | Medicine & Surgery |
| **Specialization** | Family Practice ([Self Proclaimed](#)) |
| | Family Practice ([Board Certified](#)) |
| **Name** | RICHARD B ASHBY |
| **Address of Record** | Washington, DC 20002 |
| **Initial License** | 08/30/1985 |
| **Expire Date** | 03/31/2016 |
| **License Status** | Current Active |
| **Additional Public Information\*** | No |

**This serves as primary source verification of the credential issued by the Commonwealth of Virginia.**

*\* "Yes" means that there is information the Department must make available to the public pursuant to §54.1-2400.2.G of the Code of Virginia. For additional information click on the "Yes" link above. "No" means no documents are available.*

[Back to License Lookup](#)



**HEALTHCARE PROVIDER**

# Healthcare Provider

American Heart Association®

**RICHARD B. ASHBY**

This card certifies that the above individual has successfully completed the cognitive and skills evaluations in accordance with the curriculum of the American Heart Association BLS for Healthcare Providers (CPR and AED) Program.

MAY 23, 2014
Issue Date

MAY 2016
Recommended Renewal Date

---

**HEALTHCARE PROVIDER**

Training Center Name: Paramedical Personnel of MD, Inc  TC ID: MD01585

| TC Info | | |
|---|---|---|
| Forest Hill, MD | 21050 | 410-838-8821 |
| City, State | ZIP | Phone |

Course Location: 2613 Naylor Rd SE, 2ⁿᵈ FLR

Instructor Name: DOROTHY BERRY    Inst. ID # 99776

Holder's Signature: _(signature)_

© 2011 American Heart Association.   Tampering with this card will alter its appearance.   90-1801

# REQUEST FOR QUALIFIED VENDOR SERVICES (QVS)

## QVS 222-2013-511-1

Issue Date:                     January 1, 2013

Title:                          Virginia Professional Boxing, Wrestling, and Martial Arts
                                Program

Commodity Code:                 96168: Sports Professionals Services

Issuing Agency:                 Commonwealth of Virginia
                                Department of Professional and Occupational Regulation
                                9960 Mayland Drive, Suite 400
                                Richmond, Virginia 23233

Using Agency:                   Department of Professional and Occupational Regulation

All inquiries for information should be directed to:

Dawne Cooper, VCO
Procurement & Contract Officer
dawne.cooper@dpor.virginia.gov
(804) 367-6066

Applications should be either mailed or hand delivered to Dawne Cooper, VCO, Procurement Officer, in care of the issuing agency shown above.

In compliance with this request and to all the conditions imposed herein, the undersigned agrees to furnish such goods/services in accordance with the attached signed document.

Name and Address of Applicant:

RICHARD BRUCE ASHBY                    Date: 1/15/14

410 CLAIRBORNE STREET                  Signature: _____
                                                   Signature in Ink

UPPER MARLBORO, MD 20774

# EXHIBIT D



# Department of Consumer and Regulatory Affairs

Home                                                                                          Edit Account | Log Out

## FAMILY PRACTICES MEDICAL SERVICES P.C. - Initial File Number: 891057

**Main**    **Reports**    **Trade Names**    **Governors**

### Entity Info

| | |
|---|---|
| **Business Name** | FAMILY PRACTICES MEDICAL SERVICES |
| **Suffix** | P.C. |
| **Registration / Effective Date** | 3/24/1989 |
| **Commencement Date** | 3/24/1989 |
| **Entity Status** | Revoked |
| **Foreign Name** | NA |
| **Date of Organization** | 3/24/1989 |
| **State** | District of Columbia |
| **Country** | USA |

### Business Address

| | |
|---|---|
| **Line1** | 1647 Benning Rd NE |
| **Line2** | Suite 301/302 |

| **City** | Washington | **State** | District of Columbia | **Zip** | 20002 |
|---|---|---|---|---|---|

### Agent

| | |
|---|---|
| **Is non-commercial Registered Agent?** | Yes |
| **Name** | JOSEPH H. AVERY |

**Address**

| | |
|---|---|
| **Line1** | 1647 BENNING RD. N.E. #302 |
| **Line2** | |

| **City** | Washington | **State** | District of Columbia | **Zip** | 20002 |
|---|---|---|---|---|---|

**Email**

Return to Home

| District News | Information Centers | Community | DC Government | Contact Us |
|---|---|---|---|---|
| Press Briefings & Schedules | 72hours Emergency Planning | Citywide Calendar | Mayor's Office | Call 311 |
| Statements & Releases | Business | Census | DC Agencies | Contact the Mayor |
| Subscribe to Emails | Consumer Protection | DC Jobs | DC Council | Contact Agency Directors |
| Subscribe to Text Alerts | Education | DC Procurement | Elected Officials | Send Feedback |
| Online Chats | Health | Green DC | District Appointees | Search Telephone Directory |
| DC.Gov Social Networks | Social Services | DC One Card | CapStat | Submit Service Requests |
| DC Webcasts | Residents | Interagency on Homelessness | Courts | Make FOIA Requests |
| Government Closures | Visitors | Recovery.dc.gov | DC Laws | |
| | | | DC Statehood | |

Accessibility   |   About DC.Gov   |   DC Guide   |   Wi-Fi Hotspots   |   Feedback   |   Privacy & Security   |   Terms & Conditions



# Department of Consumer and Regulatory Affairs

Home               Edit Account | Log Out

## FAMILY PRACTICES MEDICAL SERVICES P.C. - Initial File Number: 891057

**Main**    Reports    Trade Names    Governors

### Report List

| Report Year | Date Filed | File Number |
|---|---|---|
| 1990 | 4/16/1990 | 891057-3085437 |
| 1991 | 4/03/1992 | 891057-3143814 |
| 1992 | 4/03/1992 | 891057-3143813 |
| 1993 | 4/24/1995 | 891057-3265538 |
| 1994 | 4/24/1995 | 891057-3265539 |
| 1995 | 4/24/1995 | 891057-3265540 |
| 1999 | 4/16/1999 | 891057-3375301 |
| 2001 | 5/09/2006 | 891057-3539892 |
| 2003 | 5/09/2006 | 891057-3539893 |
| 2005 | 5/09/2006 | 891057-3539894 |
| 2007 | 5/02/2007 | 891057-3565278 |
| 2009 | 9/10/2009 | 891057-3644162 |
| 2011 | 8/18/2011 | 891057-4149366 |

|◄◄ ◄    1 to 13 of 13 rows    ► ►|   50 ▼

Return to Home

| District News | Information Centers | Community | DC Government | Contact Us |
|---|---|---|---|---|
| Press Briefings & Schedules | 72hours Emergency Planning | Citywide Calendar | Mayor's Office | Call 311 |
| Statements & Releases | Business | Census | DC Agencies | Contact the Mayor |
| Subscribe to Emails | Consumer Protection | DC Jobs | DC Council | Contact Agency Directors |
| Subscribe to Text Alerts | Education | DC Procurement | Elected Officials | Send Feedback |
| Online Chats | Health | Green DC | District Appointees | Search Telephone Directory |
| DC.Gov Social Networks | Social Services | DC One Card | CapStat | Submit Service Requests |
| DC Webcasts | Residents | Interagency on Homelessness | Courts | Make FOIA Requests |
| Government Closures | Visitors | Recovery.dc.gov | DC Laws | |
| | | | DC Statehood | |

Accessibility | About DC.Gov | DC Guide | Wi-Fi Hotspots | Feedback | Privacy & Security | Terms & Conditions

# EXHIBIT E

Filed
D.C. Superior Court
05/03/2017 12:42PM
Clerk of the Court

## IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
### (Civil Division)

NIEVES COLON and RICHARD COLON, as
Legal Guardians of the Person of Prichard
Colon, an incapacitated person, and
PRICHARD COLON, Individually
1293 Burning Tree Court
Winter Park, Florida 32792

and

SEAN BOGLE, ESQUIRE, as Legal Guardian
of the Property of Prichard Colon, an
incapacitated person
Bogle Law Firm
101 South New York Avenue
Suite 205
Winter Park, Florida 32789

    Plaintiffs,

    v.

RICHARD ASHBY, M.D.
1647 Benning Road, NE, #302
Washington, D.C. 20002

and

FAMILY PRACTICE MEDICAL
SERVICES, P.C.
1647 Benning Road, NE, #302
Washington, D.C. 20002

    Serve:
    Richard Ashby, M.D.
    1647 Benning Road, NE, #302
    Washington, D.C. 20002

and

HEADBANGER'S PROMOTIONS, INC.
100 Joliet Street, S.W.
Washington, D.C. 20032

Case No. 2017 CA 003118 B

Serve:
Barry Hunter
100 Joliet Street, S.W.
Washington, D.C. 20032

and

DIBELLA ENTERTAINMENT, INC.
359 Sea Cliff Avenue
Sea Cliff, New York 11579

Serve:
Louis DiBella
359 Sea Cliff Avenue
Sea Cliff, New York 11579

Defendants

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## COMPLAINT

Plaintiffs Nieves Colon, Richard Colon, and Sean Bogle, Esquire, as legal guardians of the person and property of Prichard Colon, an incapacitated person, ("Prichard"), and Prichard Colon, individually, by and through their undersigned attorneys, bring this claim against Richard Ashby, M.D., Family Practice Medical Services, P.C., Headbanger's Promotions, Inc., and DiBella Entertainment, Inc. (hereinafter "defendants"), for personal injuries and damages sustained as a result of defendants' negligence in connection with a professional boxing match on October 17, 2015 (the "event" or "contest").[1]

_____

[1] On September 29, 2016, plaintiffs gave notice pursuant to D.C. Code §16-2802 of their intent to file a medical malpractice lawsuit against Dr. Ashby and Family Practice Medical Services, P.C.

2

## NATURE OF THE CASE

1.      Prichard, a promising young professional boxer, lies in a vegetative state at his mother's home with no prospect of every regaining his faculties because of injuries he suffered during a boxing event. This injury could have— and should have— been avoided if the ringside physician had complied with the applicable standard of care in treating Prichard during the event. The injury also could have been avoided had the event promoters ensured that a qualified ringside physician was on-hand to treat Prichard's injuries and if they had implemented a proper brain injury protocol. But there was no adequate proper brain injury protocol and the ringside physician (a family medicine practitioner and himself a licensed boxing promoter) was ill-equipped to evaluate and obtain treatment for Prichard. Instead, the ringside physician stood by as Prichard was repeatedly and illegally punched in the vulnerable and unprotected back of his head, failed to recognize signs of a brain bleed, and inexplicably sent Prichard back to continue fighting rather than to the hospital for treatment.  Prichard collapsed after the event. By the time he was sent to the hospital, the bleed in his brain was massive.  Despite surgery, Prichard was left in a persistent vegetative state.

## JURISDICTION

2.      This Court has subject matter jurisdiction over this action pursuant to D.C. Code §11-921.

3.      This Court has personal jurisdiction over the defendants pursuant to D.C. Code §13-422 and §13-423.

4.      The District of Columbia is an appropriate forum because Dr. Ashby practices medicine and maintains his principal place of business in the District of Columbia. Family Practice Medical Services, P.C., and Headbanger's Promotions, Inc. are incorporated and maintain their

3

principal place of business in the District of Columbia. DiBella Entertainment, Inc. conducts regular, substantial and purposeful business in the District of Columbia, including business activities in promoting the event that led to Prichard's injuries. The District of Columbia also has many substantial contacts with the litigation and none of the parties would be inconvenienced by conducting the trial here.

## PARTIES

5.    Prichard Colon was an undefeated professional boxer considered by many in the sport to be a future world champion. As a result of the injuries he suffered during the event, the Circuit Court for Orange County, Florida has rendered Prichard "incapable of exercising any rights." Plaintiff Nieves Colon is Prichard's mother. She lives in Winter Park, Florida. Plaintiff Richard Colon is Prichard's father, also a Florida resident. They provide full time care for Prichard in Ms. Colon's home in Winter Park, Florida. Together Nieves Colon and Richard Colon (divorced) have been appointed co-guardians of the person of Prichard. Plaintiff Sean Bogle is an attorney practicing in Winter Park, Florida and is the legal guardian of the property of Prichard.

6.    Defendant Richard Ashby, M.D. is a physician who provides medical care under Family Practice Medical Services, P.C. located at 1647 Benning Road, NE, #302, Washington, D.C. He is or has been affiliated with The Washington Hospital Center, Providence Hospital, and Howard University Hospital, where he also teaches, all located in the District of Columbia. Dr. Ashby also promotes boxing matches operating under RBA Promotions, LLC and, at the time of the incident, maintained a boxing license in the District of Columbia, promoted fights in the District of Columbia, and maintains continuous and systematic contacts with the District of Columbia.

7.     Defendant Family Practice Medical Services, P.C. is a District of Columbia professional corporation through which Dr. Ashby operates a family medicine practice located at 1647 Benning Road, NE, #302, Washington, D.C.  At all times relevant to this Complaint, on information and belief, Dr. Ashby was practicing medicine in the scope of his employment, or as an agent or apparent agent, of Family Practice Medical Services, P.C.

8.     Headbanger's Promotions, Inc. ("Headbanger's Promotions") is incorporated and headquartered in Washington D.C. and promotes boxing matches in the District of Columbia area. Headbanger's Promotions also operates a facility called Headbanger's Gym located at 100 Joliet Street, S.W., Washington, D.C., where it, among other things, trains boxers to compete in contests it promotes, advertises, and markets, including the event in which Prichard suffered his injuries.

9.     Defendant DiBella Entertainment, Inc. ("DiBella") is headquartered in Sea Cliff, NY, and at all times relevant to this Complaint was associated with Headbanger's Promotions in Washington, D.C. and maintains continuous and systematic contacts with the District of Columbia. Headbanger's Promotions and DiBella promoted the event and are collectively referred to herein as "the event promoters."

## RELEVANT FACTS

### The Event Promoters

10.    The event promoters arranged a boxing match between Prichard and Terrel Williams on October 17, 2015 at Eagle Bank Arena in Virginia.

11.    The event promoters were responsible for promoting, advertising, conducting, managing, operating, supervising, and controlling the contest.

12.    The event promoters operated out of the District of Columbia. They marketed the event to District of Columbia residents, tourists, employees, and others, touting the bout as a D.C.

5

area fight. At the behest of the event promoters, the boxers held pre-fight press conferences at The Hamilton Hotel in Washington, D.C. The event promoters highlighted Headbanger's Promotions' fighter and District of Columbia native Lamont Peterson to sell tickets.

13.     Prior to the event, the event promoters were responsible for, among other things, various aspects of boxer safety for the event. For example, the event promoters were responsible for ensuring there was sufficient padding in the ring, easy access to the ring for the ringside physician, proper weight of the boxing gloves, a fully equipped ambulance with a trained ambulance crew at the site, providing notice to the nearest hospital in case of a medical emergency, and obtaining insurance for the event.

14.     The event promoters owed Prichard a duty of care to hire, appoint, choose, recruit and approve personnel who would enforce, instruct, advise, and abide by the applicable standards of care.

15.     Given that a traumatic brain injury is foreseeable in a boxing match, the event promoters owed Prichard a duty of care to ensure that adequate guidelines, procedures, and protocols were in place to identify neurological signs and symptoms of a brain bleed and to facilitate treatment of such an injury.

16.     No such event protocol was in place for the contest.

17.     The event promoters had a duty to ensure that the specific ringside physician was properly trained, experienced, competent, qualified, unbiased, and skilled to perform the neurological examinations necessary to determine if one of the fighters had suffered a traumatic brain injury. They failed to do so.

### Dr. Ashby and Family Medical Practices Services, P.C.

18.     Dr. Ashby served as the ringside physician. In so doing, he created a doctor-patient relationship with Prichard and assumed the duty to comply with the applicable standard of care to treat a patient (such as Prichard) who may be suffering from internal bleeding in his brain.

19.     Dr. Ashby held himself out to be qualified to serve as the ringside physician and to render medical services, care, and treatment to Prichard and to determine if and when additional medical care and treatment was required.

20.     Dr. Ashby is a family medicine practitioner. He put himself in a position where he would be called upon to make medical decisions that he knew or should have known he was not equipped to make.

21.     Dr. Ashby lacked the necessary training and experience to properly assess whether one of the boxers suffered a traumatic brain injury during the contest.

22.     At the time of the event, Dr. Ashby was a licensed boxing promoter operating under the name RBA Promotions, LLC, which advertises and promotes boxing matches in the D.C. area.

23.     Upon information and belief, Dr. Ashby has a past business relationship with the event promoters.

24.     Dr. Ashby's sole obligation was to carry out his duties as a ringside physician. He owed a duty only to the two boxers, not to the event promoters, the fans in the arena, or those watching on television.

25.     Prichard justifiably and reasonably relied on Dr. Ashby's purported training, expertise, and commitment to serve as the ringside physician to ensure Prichard would receive appropriate medical observation and treatment in compliance with the applicable standard of care.

26.   Dr. Ashby's role as a boxing promoter created a conflict between his duty to follow the standard of care he owed to the boxers and his interest in advancing his career as a fight promoter.

### The Fight

27.   Williams "rabbit punched" Prichard in the first round of the contest. A "rabbit punch" is an illegal blow delivered by a boxer that strikes the back of the opponent's neck or head. The name originates from hunters who used to kill rabbits with a quick, sharp blow to the back of the rabbit's head. Rabbit punches can cause severe injury to the brain and spinal cord.

28.   Over the next several rounds, Williams continued to rabbit punch Prichard, who repeatedly complained to the referee both verbally and by rubbing the back of his head.

29.   In the fifth round, Williams screamed at Prichard and made a cut throat gesture.

30.   In the six round, the referee warned both fighters, including telling Williams to stop hitting Prichard in the back of the head.

31.   Dr. Ashby ignored Prichard's repeated complaints of pain in the back of his head during the event. After witnessing Prichard's complaints and the repeated illegal shots to the back of Prichard's head, Dr. Ashby was required to examine Prichard to determine whether he was experiencing bleeding in his brain. But Dr. Ashby failed to do so.

32.   In the seventh round of the contest, Williams unloaded another blow to the back of Prichard's head. Prichard fell to the canvas writhing in pain and holding the back of his head. Because the punch was illegal, the referee allowed Prichard additional time to recover.

33.   Dr. Ashby watched Prichard in pain on the canvas for nearly a full minute. During this time, Williams screamed at Prichard, and made another cut throat gesture toward Prichard.

34.    Dr. Ashby waited for the referee's request for him to examine Prichard.  Dr. Ashby then performed a superficial, inadequate, and insufficient examination of Prichard in violation of the applicable standard of care.  Prichard reported to Dr. Ashby that, among other things, the back of his head hurt and he was "dizzy."  These self-reported symptoms—headache and dizziness—are indicative of bleeding in the brain.

35.    The standard of care required Dr. Ashby to properly evaluate Prichard's neurological condition and immediately send him to an emergency room for a CT scan, close observation, and to evacuate the bleed if necessary.  Dr. Ashby failed to take any of the required steps.

36.    Dr. Ashby should have instructed the referee to stop the fight or stopped the fight himself.  Instead, Dr. Ashby sent his patient who was suffering from a brain bleed back into the ring.

37.    None of the defendants acted to stop the fight despite Prichard's complaints of pain and dizziness.

38.    Prichard reasonably relied on the medical judgment of Dr. Ashby— a medical professional put in place to diagnose the condition from which Prichard suffered— in assuming it was safe for him to continue fighting.  Had the event promoters provided Dr. Ashby with a brain injury protocol to follow or had Dr. Ashby complied with the applicable standard of care in evaluating brain bleeds and taken steps to rule out a bleed, the bout would have ended.  Prichard would then have been taken to the closest emergency room for evacuation of the bleed, and he would have avoided permanent brain damage.

39.    Prichard collapsed shortly after the contest.  Only then was he taken to Inova Fairfax Hospital where he was diagnosed with a large left-sided subdural hematoma measuring 1.5cm in

diameter and causing a 1.2cm midline shift.  He required an emergent hemicraniectomy to relieve the brain swelling and evacuate the blood.  Prichard was eventually transferred to the Shepherd Center in Atlanta, Georgia and, from there, to his mother's home.

40.     Prichard never regained consciousness.  Today he remains in a persistent vegetative state requiring full time care.

## COUNT I

### (Negligence Against the Health Care Providers)

41.     Plaintiffs incorporate the prior paragraphs as if fully alleged herein.

42.     Dr. Ashby formed a doctor-patient relationship when he agreed to serve as the ringside physician for the fight.

43.     Acting as Prichard's physician, Dr. Ashby owed Prichard a duty to comply with the applicable standard of care.

44.     Dr. Ashby deviated from the applicable standard of care.  His deviations included, but were not limited to, accepting the position as ringside physician without an adequate brain injury protocol; agreeing to serve as a ringside physician and assuming the duty of care for Prichard while not having the proper training or medical knowledge to ensure the boxer's health and well-being; failing to disclose his conflict of interest and to honor his obligation to Prichard over advancing his career as a promoter; failing to adequately screen Prichard for a brain bleed during the contest; ignoring Prichard's complaints of pain and dizziness; failing to stop the fight and to send Prichard to the hospital and to otherwise render timely medical aid.

45.     As a proximate cause of Dr. Ashby's negligence, Prichard endured and continues to endure severe pain and suffering, lost the ability to engage in gainful employment, and suffered life-altering injuries that will require around-the-clock care for the rest of his life.

## COUNT II

### (Negligence Against the Event Promoters)

46.     Plaintiffs incorporate the prior paragraphs as if fully alleged herein.

47.     The event promoters owed the boxers a duty of reasonable care to prevent a serious injury.

48.     The event promoters breached their duty by including, but not limited to, the following: failing to make sure that guidelines, procedures, and protocols were in place during the event to properly prevent and assess bleeding in the brain of one of the boxers; failing to have guidelines, procedures, and protocols in place to terminate the contest once Prichard sustained a traumatic brain injury; failing to ensure that Dr. Ashby was properly trained, experienced, competent, qualified, unbiased and skilled to perform the necessary neurological examinations to detect and to determine the extent of a brain bleed; failing to ensure that Dr. Ashby was qualified to act as ringside physician given his conflict of interest as a licensed fight promoter; and failing to hire, appoint, choose, recruit and approve personnel who would enforce, instruct, advise, and abide by the governing applicable standards of care to prevent serious injury to the boxers.

49.     As a proximate cause of the event promoters' negligence, Prichard endured and continues to endure severe pain and suffering, lost the ability to engage in gainful employment, and suffered life-altering injuries that will require around-the-clock care for the rest of his life.

WHEREFORE, plaintiffs respectfully request judgment against defendants in an amount to be determined at trial but believed to be an amount exceeding $50,000,000 in compensatory damages, pain and suffering, and such other relief as this Court deems just and proper.

Respectfully submitted,

/s/ Ari S. Casper
Ari S. Casper (#471013)
The Casper Firm, LLC
One South Street, 27th Floor
Baltimore, MD 21202
(410) 989-5097 – Phone
(410) 630-7776 – Facsimile
acasper@casperfirm.com
Attorney for Plaintiff

## JURY PRAYER

The plaintiffs demand a trial by jury on all issues.

/s/ Ari S. Casper
Ari S. Casper

## IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
### (Civil Division)

| | | |
|---|---|---|
| NIEVES COLON, et al. | * | |
| Plaintiffs, | * | |
| v. | * | Case No. 2017 CA 003118 B |
| | * | Judge: John M. Campbell |
| RICHARD ASHBY, MD, et al. | * | Next Event: Initial Conference |
| | | May 5, 2017 at 9:30am. |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## NOTICE OF DEPOSITION OF BARRY HUNTER

Plaintiffs, through counsel, hereby give notice of the deposition of Barry Hunter at 1717 K Street, NW, Washington, D.C. 20006 at a mutually agreeable time to be determined through counsel, and shall continue from day-to-day until it is completed. The depositions will be before a notary public in and for this jurisdiction and may be videotaped. Examination shall be for discovery and/or evidence in this case in accordance with the rules of this Court.

Respectfully submitted,

/s/ Ari S. Casper
Ari S. Casper (#471013)
The Casper Firm, LLC
One South Street, 27th Floor
Baltimore, MD 21202
(410) 989-5097 - Phone
(410) 630-7776 – Facsimile
acasper@casperfirm.com
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that copies of the foregoing were served via process server (the date will be included in the affidavits of service) on the following:

Headbanger's Promotions, Inc.
Barry Hunter
100 Joliet Street, S.W.
Washington, D.C. 20032

/s/ Ari S. Casper
Ari S. Casper (#471013)

2



**Superior Court of the District of Columbia**
**CIVIL DIVISION**
**500 Indiana Avenue, N.W., Suite 5000**
**Washington, D.C. 20001 Telephone: (202) 879-1133**

NIEVES COLON, RICHARD COLON and SEAN BOGLE,
ESQUIRE, as Legal Guardians of the Person and Property
of Prichard Colon and incapacitated person, and              Plaintiff
PRICHARD COLON, individually

Case Number   2017 CA 003118 B

RICHARD ASHBY, M.D. , et al.

Defendant

HEADBANGER'S PROMOTIONS, INC.
SERVE ON:  BARRY HUNTER
100 Joliet Street, S.W.
Washington, DC 20032

**SUMMONS**

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either
personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive
of the day of service. If you are being sued as an officer or agency of the United States Government or the
District of Columbia Government, you have sixty (60) days after service of this summons to serve your
Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The
attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed
to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue,
N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on
Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on
the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment
by default may be entered against you for the relief demanded in the complaint.

Ari S. Casper, Esquire

Name of Plaintiff's Attorney
One South Street, 27th Floor

Address
Baltimore, Maryland 21202

410-989-5097

Telephone
如需翻译，请打电话 (202) 879-4828    Veuillez appeler au (202) 879-4828 pour une traduction    Để có một bài dịch, hãy gọi (202) 879-4828
የትርጉም እርዳታ ከፈለጉ, (202) 879-4828 ይደውሉ የተባ-ጉ-ሚ    번역을 원하시면 (202) 879-4828 로 연락

*Clerk of the Court*

By

Date   **05/05/2017**

IMPORTANT:  IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU
ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT
MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE
COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR
REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS
ACTION, *DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME.*

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the
Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500
Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

FORM SUMMONS - Jan. 2011                                                                          CASUM.doc

D.C. Courts Home

# Court Cases Online

Click here to view search criteria

Case Search for Person: COLON, PRICHARD

Search retrieved 1 case in less than a second.

Click here to view search results

Selected 1 cases to view

Viewing single case; Details retrieved in less than a second.

Click here to view case summary

| 2017 CA 003118 B: PRICHARD, COLON, et al. Vs. FAMILY PRACTICE MEDICAL SERVICES, P.C., et al. | |
|---|---|
| Case Type: Civil II | File Date: 05/03/2017 |
| Status: Open | Status Date: 05/03/2017 |
| Disposition: Undisposed | Disposition Date: |

| Party Name | Party Alias(es) | Party Type | Attorney(s) |
|---|---|---|---|
| PRICHARD, COLON | COLON, NIEVES | Plaintiff | CASPER, Mr ARI S |
| COLON, PRICHARD | COLON, RICHARD | Plaintiff | CASPER, Mr ARI S |
| COLON, PRICHARD | BOGLE Esq, SEAN | Plaintiff | CASPER, Mr ARI S |
| COLON, PRICHARD | | Plaintiff | CASPER, Mr ARI S |
| FAMILY PRACTICE MEDICAL SERVICES, P.C. | | Defendant | |
| HEADBANGERS PROMOTIONS, INC. | | Defendant | |
| DIBELLA ENTERTAINMENT, INC. | | Defendant | |
| ASHBY MD, RICHARD | | Defendant | |

| Schedule Date | Schedule Time | Description |
|---|---|---|
| 08/04/2017 | 09:30 AM | Initial Scheduling Conference-60 |

| Docket Date | Description | Messages |
|---|---|---|
| 05/05/2017 | Service Issued | Issue Date: 05/05/2017<br>Service: Summons Issued<br>Method: Service Issued<br>Cost Per: $<br><br>FAMILY PRACTICE MEDICAL SERVICES, P.C.<br>1647 Benning Road, NE, Suite 302<br>WASHINGTON, DC 20002<br>Tracking No: 5000189142<br><br>HEADBANGERS PROMOTIONS, INC.<br>100 Joliet Street, SW<br>WASHINGTON, DC 20032<br>Tracking No: 5000189143<br><br>DIBELLA ENTERTAINMENT, INC.<br>359 Sea Cliff Avenue<br>SEA CLIFF, NY 11579<br>Tracking No: 5000189144<br><br>ASHBY MD, RICHARD<br>1647 Benning Road, NE<br>Suite 202<br>WASHINGTON, DC 20002<br>Tracking No: 5000189145 |
| 05/05/2017 | Event Scheduled | Event Scheduled<br>Event: Initial Scheduling Conference-60<br>Date: 08/04/2017 Time: 9:30 am<br>Judge: CAMPBELL, JOHN M Location: Courtroom 519 |
| 05/03/2017 | Complaint for Negligence Filed | Complaint for Negligence Filed Receipt: 367523 Date: 05/05/2017<br>Receipt 367523 reversed by 367550 on 05/05/2017. Receipt: 367622 Date: 05/05/2017 |

| Receipt # | Date | From | Payments | | Fee | | Amount Paid |
|---|---|---|---|---|---|---|---|
| 367622 | 05/05/2017 | CASPER, Mr ARI S | Efile | $120.00 | Cost | $120.00 | $120.00 |
| 367550 | 05/05/2017 | CASPER, Mr ARI S | Check | $-120.00 | Cost | $-120.00 | $-120.00 |
| 367523 | 05/05/2017 | CASPER, Mr ARI S | Check | $120.00 | Cost | $120.00 | $120.00 |

## IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
### (Civil Division)

NIEVES COLON, et al.                    *

       Plaintiffs,                  *

v.                                      *          Case No. 2017 CA 003118 B
                                   Judge: John M. Campbell
RICHARD ASHBY, MD, et al.              *          Next Event: Initial Conference
                                   May 5, 2017 at 9:30am.
       Defendants.                  *

*   *   *   *   *   *   *   *   *   *   *   *   *

## PLAINTIFFS' FIRST INTERROGATORIES TO
## HEADBANGER'S PROMOTIONS, INC.

Plaintiffs, by undersigned attorneys, hereby propound the following interrogatories to

defendant Headbanger's Promotions, Inc. to be answered in writing and under oath within forty

five days of receipt thereof.

### Definitions and Instructions

The following definitions apply to all discovery requests by this party:

a.   Person.  The term "person" is defined as any natural person or any business, legal or governmental entity, or association.

b.   Identify (With Respect to Persons).  When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address, the present or last known employer and, if different, the person's employer at the time of the events referred to in the interrogatory.  Once a person has been identified in accordance with this subparagraph, only the name of the person need be listed in response to subsequent discovery requesting the identification of that person.

c.   Document.  The word "document" is meant to be read in its broadest sense and to include electronic mail and text messages.

d.   Identify (With Respect to Documents).  When referring to documents, "to Identify" means to give, to the extent known, the (i) type of document (e.g., handwritten note, memorandum, tape recording, journal, desk calendar, books of account, etc.); (ii) general subject matter; (iii) date of the document; (iv) the title or heading of the document, (v) author(s); addressee(s); recipient(s); and (vi) present location and custodian.

e.  <u>Party/Parties</u>.  The terms "plaintiffs" and "defendants" as well as a party's full or abbreviated name or a pronoun referring to a party mean the party and where applicable, its officers, directors, employees, agents, attorneys, partners, corporate parent, subsidiaries or affiliates.  This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

f.  <u>You/Yours</u>.  As used herein, the words "you" and "yours" refer to the defendants, and to the defendants' agents and representatives.

g.  <u>And/Or</u>.  The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

h.  <u>Describe</u>.  The term "describe" means a comprehensive, full, fair, frank, complete, accurate and detailed description.  With respect to a conversation, the term "describe" means to identify the parties to the conversation, state the time and place thereof, and describe the substance of the conversation.

i.  <u>Number</u>.  The use of the singular form of any word includes the plural and vice versa.

j.  The terms "event," "fight," or "contest" mean the Williams v. Colon fight on October 17, 2015.  The term "fight card" means all fights on the night of October 17, 2015.

The following instructions apply to all discovery requests by this party:

a.  These interrogatories are continuing in character, so as to require you to file supplemental answers if you obtain further or different information after the answers are submitted.

b.  Unless otherwise indicated, these interrogatories refer to the time, place, and circumstances of the occurrences described in the lawsuit.

c.  Where knowledge or information is requested from you, the request seeks as well the knowledge of your employees, agents, representatives and, unless privileged, your attorneys.

If an objection is made to disclosure of the contents of any document by reason or claim of privilege or otherwise, such document shall be identified in writing by:  (a) date; (b) author(s); (c) recipient(s) and addressee(s); (d) general subject matter; (e) identity of all person or persons to whom the contents of the document have been revealed; (f) the identity of the person or entity now in possession or control of the document; and (g) the basis upon which it is being withheld.

## <u>INTERROGATORIES</u>

1.      At the time of the event set forth in the Complaint, was there in existence an

2

insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment?  If so, then identify the party or parties insured and state the name of each insurance company, the policy number for each policy or agreement, and the dollar amount of liability coverage in each policy.

2.     State the precise coverage of Insurance Policy # PK201500005453 procured by Gagliardi Insurance Services, Inc., including whether the policy may satisfy part or all of a judgment which may be entered in this action against you or another defendant.

3.     Do you contend that any of the alleged injuries set forth in the Complaint were caused in whole or part by the acts or omissions of persons who are not a party to this case and who were not employed by a party to this case at the time the injuries were allegedly sustained? If yes, identify each such person, set forth in detail the facts which support your contention, and identify any documents relating to such facts.

4.     If you intend to rely upon any documents or other tangible things to support position that you have taken or intend to take in this action, provide a brief description, by category and location, of all such documents and other tangible things, and identify all persons having possession, custody, or control of them.

5.     Identify all communications with Prichard Colon or his agents prior to, during, and after the fight, including, but not limited to, any agreements between you.

6.     Identify all persons who have knowledge or documents relevant to any issue of fact in this case, and describe in detail the knowledge or documents such persons have.

7.     Identify the date and substance of all communications you had with Va. DPOR before, during, and after the Colon fight about the fight card.

3

8.      Describe in detail all actions you took relating to the safety of the boxers the night of the Williams v. Colon fight.

9.      Identify all communications in the last five years relating to establishing a brain injury protocol in boxing generally or for one of the events you promoted.

10.      Identify all communications with Va. DPOR, your co-promoter, ringside physicians, or contestants relating to the fight card, and identify the date and substance of such communication.

11.      Were you or your agents present at the Williams v. Colon fight and, if so, describe the roles and responsibilities of each person.

12.      Identify all fights you have promoted in the last five years, including the location, contestants, co-promoters, and ringside physicians in each one.

13.      State the amount of money paid to you to promote the fight card, and to each boxer who fought that night.

14.      Identify all fights in the last five years in which you have selected or approved a ringside physician.

15.      Identify all conversations, including text messages or emails, you had the night of the fight with David Holland, Joe Cooper, Richard Ashby, or any of the boxers or the agents.

16.      If you have any statement from any person identified by you as a person who has personal knowledge or documents relevant to any issue of fact in this case in response to the preceding interrogatory, please describe the statement and identify who took the statement, when and in what form (oral statement, handwritten note, typewritten memorandum, e-mail, tape recording, etc.) it was taken, whether such statement is in writing or has been reduced to writing, whether and when the person signed the statement, and identify the present custodian of the

4

statement.

17.  Describe the contractual and/or employment relationship, if any, between or among each of the defendants, including identifying any documents governing such relationships.

18.  Describe each function you performed in connection with promoting the fight card on October 17, 2015.

19.  State each instance in which you had met, spoken to, or otherwise communicated with Richard Ashby, M.D. prior to the Williams v. Colon fight and, if so, identify the date and substance of such communications.

20.  State your knowledge about Richard Ashby, M.D. prior to the fight and identify all communications you had about him prior to the fight with Va. DPOR, your co-promoter, the contestants, or anyone else.

21.  As to each expert witness you expect to call at trial, please:

   a.  give a complete statement of all opinions to be expressed and the basis and reasons therefore;

   b.  identify the data or other information considered by the witness in forming the opinions;

   c.  describe and produce any exhibits to be used as a summary of or support for the opinions;

   d.  state the qualifications of the witness, including a list of all publications authorized by the witness within the preceding 10 years (please produce a current curriculum vitae if available);

   b.  describe the compensation to be paid for the study and testimony;

c.  provide a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding 4 years, indicating the side or party for whom the witness testified and the attorney representing the party;

d.  state the number of cases on which the witness has previously consulted with the counsel or firm retaining that expert in this case;

e.  state the number of cases in which the witness has previously testified in deposition, hearing, or trial on behalf of a party represented by the counsel or firm retaining that expert in this case, and identify the case if the testimony occurred within the last four years;

f.  provide a listing of any medical, professional or technical literature which the witness has read in connection with this case following the date the witness was asked to testify in this case;

g.  provide a listing of the books in the witness's possession or control which relate to the subject matter of the witness' testimony;

h.  provide a listing of the professional journals to which the witness has subscribed during the past four years; and

i.  state whether the expert knows the party or parties on whose behalf the expert is testifying, and describe any personal, professional or social relationship between the expert and such party.

22.   If you contend that Prichard Colon was negligent or contributorily negligent, or assumed the risk of his injuries, state in detail the specific facts upon which you rely, identify all persons with knowledge of each such fact, and identify any writings and documents supporting your contention.

23.   Identify all documents used in preparing your answers to these interrogatories and attach them to your answers if not already provided in connection with plaintiffs' request for production of documents.

24.   Identify all claims, whether they went to litigation or not, by other boxers against you that relate to a fight you promoted.

25.   Describe the role of PBC for the fight card.

26.   Has any boxer suffered a brain injury in a fight you promoted? If so, identify the date and location of the fight, and the boxer's name.

Respectfully submitted,

/s/ Ari S. Casper
Ari S. Casper (#471013)
The Casper Firm, LLC
One South Street, 27th Floor
Baltimore, MD 21202
(410) 989-5097 – Phone
(410) 630-7776 – Facsimile
acasper@casperfirm.com
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that copies of the foregoing were served via process server (the date will be included in the affidavits of service) on the following:

> Headbanger's Promotions, Inc.
> Barry Hunter
> 100 Joliet Street, S.W.
> Washington, D.C. 20032

/s/ Ari S. Casper
Ari S. Casper (#471013)

8

## IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
### (Civil Division)

NIEVES COLON, et al.                    *

        Plaintiffs,                    *

v.                                       *       Case No. 2017 CA 003118 B
                                 Judge: John M. Campbell
RICHARD ASHBY, MD, et al.               *       Next Event: Initial Conference
                                 May 5, 2017 at 9:30am.
        Defendants.                    *

*       *       *       *       *       *       *       *       *       *       *

## PLAINTIFFS' FIRST REQUESTS FOR DOCUMENTS TO
## HEADBANGER'S PROMOTIONS, INC.

TO:   Headbanger's Promotions, Inc.
       Barry Hunter
       100 Joliet Street, S.W.
       Washington, D.C. 20032

    Plaintiffs, through counsel, request defendant to respond within forty-five days after

service of the following requests.  Production shall be made at the office of counsel for plaintiffs,

The Casper Firm, LLC, One South Street, 27th Floor, Baltimore, MD 21202.

## DEFINITIONS AND INSTRUCTIONS

    These definitions will apply to the requests for production:

    a.    The words "you," "your," or "defendant" refers to the party to whom this request

is addressed and its agents, representatives, employees and unless privileged, its attorneys.

    b.    The word "document" refers to all writings and graphic representations of any

kind or nature whatsoever, including but not limited to, emails, text messages, any

correspondence through social media of any type, all letters, notes, memoranda, telegrams,

correspondence, work papers, reports, leases and agreements, specifications, charts, maps, plats,

drawings, photographs and motion pictures, whether or not intended for internal purposes only,

that are now or have ever been in the possession of defendant.

## REQUESTS FOR PRODUCTION

1.      All rules, regulations, policies, procedures, protocols, or other documents relating to brain injuries in the fights you have promoted.

2.      All records relating to brain injuries suffered by boxers in fights you have promoted.

3.      All statements given by any person with personal knowledge of facts material to this case.

4.      All documents summarizing, referring or relating to any conversation you or your agents or representatives had with plaintiffs concerning the fight (including before, during, and after the fight).

5.      Any written report concerning this case or its subject matter made by an expert whom the defendants expect to testify at the trial of this case.

6.      All insurance agreements under which any person carrying on an insurance business may be liable to satisfy part or all of any judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy any such judgment.

7.      All documents and agreements between you and Prichard Colon.

8.      All documents and agreements between you and Premier Boxing Champions ("PBC"), including, but not limited to, documents and agreements governing the relationship and/or responsibilities of each for the fight card.

9.      All documents and agreements between you and NBC, including, but not limited to, documents and agreements governing the relationship and/or responsibilities of each for the fight card.

10.    All communications (including emails and text messages) with Dr. Ashby prior to, during, and after the fight, about Colon, the event (the entire card), or the fight (Williams v. Colon).

11.    All communications with your co-promoter about the event card for October 17, 2015.

12.    All communications with Va. DOPR about Terrel Williams, Prichard Colon, Dr. Ashby, or anyone else relating to the fight card.

13.    All communications with Joe Cooper about Prichard Colon, Dr. Ashby, the event, or the fight.

14.    All agreements and contracts (including drafts) relating to or pertaining to the event card.

15.    All agreements and contracts between you and Prichard Colon.

16.    All documents identifying efforts to research Dr. Ashby's background and qualifications prior to the fight.

17.    All communications with PBC about Colon, the event, the fight, or the fight card for October 17, 2015.

18.    All communications relating to the investigation of events leading to Colon's injuries.

19.    All documents relating to your compliance with any state or federal legal requirements pertaining to the event or the fight.

20.    All communications with state or federal agencies relating to the Williams v. Colon fight.

21.     All documents, not specified above, which in any way relate or refer to defendants' answers to plaintiff's interrogatories.

Respectfully submitted,

/s/ Ari S. Casper
Ari S. Casper (#471013)
The Casper Firm, LLC
One South Street, 27th Floor
Baltimore, MD 21202
(410) 989-5097 – Phone
(410) 630-7776 – Facsimile
acasper@casperfirm.com
Attorney for Plaintiff

4

## CERTIFICATE OF SERVICE

I hereby certify that copies of the foregoing were served via process server (the date will be included in the affidavits of service) on the following:

Headbanger's Promotions, Inc.
Barry Hunter
100 Joliet Street, S.W.
Washington, D.C. 20032

/s/ Ari S. Casper
Ari S. Casper (#471013)

# EXHIBIT F

## IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
### [Civil Division]

| | |
|---|---|
| NIEVES COLON, et al. | |
| **Plaintiffs,** | Civil Action No.: 2017-CA-003118-B |
| | Next Event:  Status Conference |
| v. | August 4, 2017 at 9:30 am |
| RICHARD ASHBY, et al., | |
| **Defendants.** | |

### <u>NOTICE OF REMOVAL</u>

Please take notice that Defendant HEADBANGERS, INC. (incorrectly identified as "Headbanger's Promotions, Inc."), has removed this case to the United States District Court for the District of Columbia and that no further proceedings in this case will be had in District of Columbia Superior Court.

DATED:  June 14, 2017

Respectfully submitted,

*Ira Kasdan*

Ira T. Kasdan (D.C. Bar # 292474)
Bezalel A. Stern (D.C. Bar # 1025745)
Kelley Drye & Warren, LLP
3050 K Street N.W., Suite 400
Washington, D.C. 20007
ikasdan@kelleydrye.com
bstern@kelleydrye.com
Tel.: (202) 342-8864
Fax: (202) 342-8451
*Counsel for Defendant Headbangers, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that, on the 14th day of June, 2017, a copy of the foregoing Notice of Removal and supporting documents was sent by first class mail, to:

Ari S. Casper
The Casper Firm, LLC
One South Street, 27th Floor
Baltimore, MD 21202
(410) 989-5097 (phone)
(410) 630-7776 (facsimile)
acasper@casperfirm.com

*Counsel for Plaintiffs*

Dr. Richard Ashby
410 Clairborne Street
Upper Marlboro, MD 20774

Louis DiBella
359 Sea Cliff Avenue
Sea Cliff, NY 11579

_____
Ira T. Kasdan
KELLEY DRYE & WARREN LLP
3050 K Street, N.W., Suite 400
Washington, DC 20007
(202) 342-8400 (phone)
(202) 342-8451 (facsimile)
Email: ikasdan@kelleydrye.com

*Counsel for Defendant Headbangers, Inc.*